John J. DeYOUNG, Plaintiff-Appellant,

v.

**NORWALK TRUCK LINES, INC., an Ohio Corporation, Defendant-Appellee.**

**No. 15351.**

United States Court of Appeals
Seventh Circuit.

June 8, 1966.

Leonard M. Ring, Chicago, Ill., for appellant.

Tom L. Yates, Chicago, Ill., L. J. Locke, Carl E. Abrahamson, Chicago, Ill., of counsel, for appellee.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This diversity personal injury action, tried on the separate issue of liability, resulted in a verdict for defendant upon which the court entered judgment. Plaintiff has appealed. We affirm.

On August 18, 1963, about 3:00 a. m., plaintiff was driving a semi-tractor trailer, with a load of over 40,000 pounds, west on U. S. Route 6 in Hobart, Indiana.

Defendant's semi-tractor trailer, with a load of 26,000 pounds, was being driven east on the same highway at the same time. The paved part of the highway was about 24 feet wide, and the width of the shoulder on the north varied between 15 and 25 feet. The relevant part of the highway is the area between Missouri Street, running north and south, which intersects Highway 6, and a roller skating rink south of the highway, 700 to 800 feet east of Missouri Street. Between these points was a truck stop known as the Black Cat Restaurant situated about 190 feet east of Missouri Street and 60 feet south of Highway 6. There was no traffic on the road in this area, other than the two semi-tractor trailers, when a passenger automobile drove off the drive leading from the restaurant and onto the highway, heading east. Defendant's driver, to avoid hitting this automobile, applied his brakes and swerved left into the westbound lane and came to a complete stop; a collision with plaintiff's vehicle occurred, and plaintiff was injured.

■ Plaintiff contends that defendant was negligent as a matter of law and that there was no issue of contributory negligence; that the district court committed prejudicial error in giving a "sudden danger" instruction; and that he was denied a fair trial by the conduct of defendant's attorney.

The issue at the trial was whether "defendant negligently caused its vehicle to go over the center line" of Highway 6 to strike, and collide with, the vehicle driven by plaintiff.

Defendant's driver testified he was going 25 miles an hour (in a 30 m. p. h. zone) and was in front of the restaurant and about 50 feet away from the automobile when it rapidly came onto the highway from the driveway. He said he immediately swerved to the left across the center line to avoid hitting the automobile and applied the brakes and came to a stop; that at that speed with his equipment it takes about 100 feet to come to a stop; and that when he swerved into the westbound lane and saw plaintiff's vehicle it was about 50 feet away.

A witness for defendant testified he had parked his truck about 8 to 10 feet north of the north edge of Highway 6 "about 15–20 feet from" the restaurant driveway and was getting out of his cab when he saw the defendant's vehicle proceeding east on the highway. At the same time he saw the automobile start from the driveway onto the highway in front of the truck about 50 feet away. When he saw this he "crawled back in the cab." The collision between the semi-trailers happened immediately. This testimony is corroborated by the driver of another truck who placed the distance of defendant's vehicle from the automobile emerging from the driveway at about 50 feet. The witness said plaintiff's vehicle was "going maybe" about 40 miles an hour and defendant's vehicle 1 or 2 miles an hour when they collided. Two of defendant's witnesses said the front of plaintiff's vehicle struck the Norwalk vehicle at the right side near the cab. The photographic exhibits give support to this. A driver on the restaurant driveway, who was behind the automobile when it drove onto the highway, testified that at that time the Norwalk truck was about 60 feet away, and that at the time of collision it was going about 10 miles an hour.

We think the evidence recited above, favorable for defendant, and the only evidence we consider on the question of defendant's negligence as a matter of law, was ample for submission of the question to the jury. Plaintiff's testimony, and that of his witness Chaja, on the crucial points of distances and speeds is contrary to that of the testimony for defendant, and in our view the contrariety presented a particularly appropriate issue for a jury, as to whether defendant's driver acted prudently in the situation facing him.

■ It follows from these conclusions that there is no merit in the contention that the district court erred in giving the instruction on the "sudden danger." Plaintiff's contention that the instruction is erroneous is based on the premise, unwarranted in our opinion, that defend-

ant's driver's negligence caused or contributed to causing the emergency. But the favorable evidence recited was sufficient too as a basis for the instruction, from which the jury could find that defendant's driver's conduct in the situation presented was blameless.

 Plaintiff's last contention is that the district court clearly abused its discretion when it refused to grant plaintiff a new trial due to allegedly prejudicial remarks by defense counsel during examination of witnesses and in his closing argument. Plaintiff, in briefs in this court, refers to several remarks by defense counsel to which he now objects; however, in only two instances did plaintiff object at the trial, and these two instances were two of the grounds asserted in his motion for new trial. We shall discuss the two instances.

Defense counsel, during closing argument, commented that one of plaintiff's witnesses testified that he furnished plaintiff with the name, address and phone number of a witness to the accident whom plaintiff did not call to testify at trial, and that it "would be interesting, wouldn't it, to you folks to know what he was going to say." Plaintiff persists in his objection that this was improper because there was no evidence that the witness was under the control of plaintiff. As the trial judge ruled: "The jurors heard the testimony and it is a question of fact for the jury to decide." Plaintiff too, in his closing argument, argued the point. We find no abuse of discretion in the court's ruling.

Defense counsel also, in closing argument, commented that a verdict based on the truth was important not only to the defendant, but also to defendant's driver. Plaintiff objected, since the driver was not the defendant, and alleges here that the obvious inference was that the driver would lose his job in the event of an adverse verdict. Further, plaintiff's counsel noted by post-trial affidavit that the driver's wife sat at his side during closing argument, in full view of the jury, and that the couple "had serious and concerned expressions on their faces."

As to the latter, there is nothing in the record to even suggest that the jury was influenced by the unidentified woman in the courtroom—the affidavit states that counsel for plaintiff found out who she was when they were introduced to each other after the parties had left the courtroom. Regarding counsel's comment concerning the importance of the case to defendant's driver, while we do not condone attempts by counsel to inject appeals to irrelevancies at the trial, we cannot hold on this record that the district judge clearly abused his discretion in overruling the objection. The court did not err in overruling the motion for new trial on the two instances.

We have reviewed the record, and hold that the other incidents referred to (but not objected to), separately or cumulatively, did not deprive plaintiff of the fair trial which was due him.

The judgment is affirmed.