ROBERT SULLIVAN, Plaintiff-Appellant, *v.* CERTIFIED GROCERS OF ILLINOIS, INC., Defendant-Appellee.

(No. 54071;

First District—June 18, 1971.

McCoy, Ming & Black, of Chicago, (Ellis E. Reid, of counsel,) for appellant.

Medard Narko, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This is an action for property damages. Trial was by jury. At the close of the evidence a verdict in favor of defendant Certified Grocers of Illinois was directed by the court. A directed verdict in favor of plaintiff against defendant Norman Dwer on the issue of liability resulted in a $28,000.00 verdict and judgment against Dwer. The latter judgment is not involved in this appeal. The sole issue on appeal is whether the court properly directed the verdict for defendant Certified Grocers.

A collision occurred at the intersection of Kedzie and Fifth Avenue in Chicago involving a semi-trailer truck, owned by Certified Grocers and driven by Certified Grocers' employee Rivers Mitchell, and an automobile driven by Dwer. As a result Certified Grocers' truck came to a stop about 25 feet inside plaintiff's restaurant which is located at the northeast corner of the intersection. Extensive damage was done both to plaintiff's building and to his restaurant fixtures and equipment.

The evidence shows that Mitchell was driving the truck northeast on Fifth Avenue, a diagonal street, at approximately 3:00 A.M. on July 6, 1963. He testified that the traffic light turned green when he was approximately 200 feet from the intersection. He further stated: "I keep my eyes on low range until I change gears. I have a button, and we play the lights to make sure you don't have to stop and change gears. I ran that area for about three years, and I know how fast to go to make the light." He entered the intersection on a green light, having noticed one car which was stopped for the light. He then noticed Dwer's northbound auto on Kedzie entering the intersection past the stopped car and against the traffic light. Mitchell testified that he entered the intersection travelling 15-20 miles per hour. When he observed the approaching Dwer auto he did not try to apply his brakes but instead attempted a left turn to go northbound on Kedzie in order to avoid the collision. When he was nearly through the intersection Dwer's vehicle struck the right front tire of the truck. Mitchell was shaken up by the collision and his right front tire was blown out. He then lost control of the truck.

Chicago Police Officer James Layden who investigated the occurrence testified that driving conditions were good. The absence of skid marks indicated that Mitchell had not applied his brakes. Layden stated that Mitchell said immediately after the event that he had been travelling 20 to 25 miles per hour. The Officer had taken photographs of the scene which were admitted as plaintiff's exhibits.

Plaintiff contends that the trial court erred in directing a verdict in favor of Certified Grocers. We agree. The test to be applied upon a mo-

tion for directed verdict is stated in *Pedrick v. Peoria and Eastern Railroad Co.* (1967), 37 Ill.2d 494, at 510:

"\* \* \* [V]erdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

Mitchell's testimony to the effect that he did not apply his brakes but rather chose to avoid the collision by the execution of a left turn should have been submitted to the jury as evidence which it might consider in determining whether Mitchell was negligent. Also, in view of Mitchell's testimony pertaining to his concentration upon playing the lights and avoiding excess shifting of gears together with his failure to make timely observation of Dwer's car, the jury should have been permitted to consider whether he exercised due care in keeping a proper lookout for other vehicles. (See *Conner v. Mc Grew* (1961), 32 Ill.App.2d 214, at 217-19.) And finally, the jury should have been permitted to resolve any possible conflict between the testimony of Mitchell who stated that the light turned green when he was about 200 feet away, travelling at 15-20 miles per hour, and the testimony of Dwer who stated that he (Dwer) was about one and one-half car lengths into the intersection and travelling at 30-35 miles per hour when the light turned red. See *DeYoung v. Norwalk Truck Lines, Inc.* (1966), 362 F.2d 146.

The order of the trial court directing a verdict for the defendant, Certified Grocers, is reversed and the cause remanded for a new trial.

Reversed and remanded.

ENGLISH, P. J., and DRUCKER, J., concur.