Irene Conner, Plaintiff-Appellant, v. Bernice McGrew, Defendant-Appellee.
Charles Conner, Plaintiff-Appellant, v. Bernice Mc-Grew, Defendant-Appellee.

Gen. No. 61–M–1.

Fourth District.

October 5, 1961.

Sandor Korein, of East St. Louis, for appellant.

Johnson, Johnson, Dulcey & Doxon, of Belleville, for appellee.

HOFFMAN, PRESIDING JUSTICE.

This is an appeal by plaintiff from a directed verdict in defendant's favor at the close of plaintiff's evidence. The suit is for personal injuries arising out of an automobile collision wherein the plaintiff was a passenger in defendant's car. Plaintiff's position on the trial and on this appeal is that she was a paying passenger in defendant's vehicle. Defendant does not, in her briefs, take issue with this point. So, for the purpose of this appeal, defendant's standard of conduct is to be gauged by the rules of ordinary negligence.

The collision involved in this case occurred at the intersection of State Routes 157 and 163 in St. Clair County. Route 157, running north and south, forms a T intersection with Route 163, which runs from the east perpendicularly into Route 157. Route 157 is the preferred highway and there was a stop sign at the northeast corner of the intersection to halt traffic entering from Route 163. On Route 163, just before the intersection, there are two concrete bridges with concrete rib railings about 4 feet high. On Route 157 there is an island dividing the north and south lanes. This island extends 366 feet south of the center of the intersection.

Plaintiff and defendant both worked at St. Elizabeth's Hospital in Belleville. On the evening in question, defendant picked plaintiff up at about 10:30 p. m. to drive to work. They drove north on Route 157, a route they regularly took going to work. At the intersection above-described, defendant's car was struck on the right side by a car driven by one Vargo, who came on Route 163 from the east. Vargo is not a party to the suit.

The defendant testified under Section 60 of the Practice Act that the night was clear and dry, and that she was proceeding along Route 157 at about 40 m. p. h. She said that she was approximately at the point at the beginning of the island in the center of Route 157 when she first saw the lights of the Vargo car on Route 163 approaching the intersection. She testified that at this time she did not know where the Vargo car was with relation to the concrete bridge and couldn't tell if it were going fast or slow. She then said that she did not again take her eyes from the road upon which she was travelling, nor did she again look towards the Vargo car. She said that her view was not obstructed, that if she had looked, she could have seen whether or not the Vargo car had stopped. She did not sound her horn.

The plaintiff testified that she herself never saw the Vargo car and didn't remember the collision or any incidents leading up to it. She did nothing to warn the defendant of the impending collision.

It is the plaintiff's theory that the question of defendant's negligence and her own contributory negligence were questions of fact for the jury and that the trial court erred in taking the case from the jury. Plaintiff, in oral argument before this Court, further delineated her position by stating that she rests her case entirely upon the question of whether or not defendant maintained a proper lookout as she approached the intersection in question.

Defendant's theory is that plaintiff failed to prove any negligence on the part of defendant or freedom from contributory negligence on her part. Defendant says that plaintiff merely proved that an accident happened when the Vargo car came through the stop sign and ran into the defendant, and that no liability ensues from this alone.

█ The rule prescribing the standard of care required of a driver who is proceeding along a preferential highway has been set forth many times. The authorities agree that a driver on a preferential highway does not have an absolute or unqualified right of way that can be asserted regardless of circumstances, distances or speed. Such a driver may not plunge blindly ahead in reliance upon an assumption that the other motorist will obey the law and yield the right of way, nor may he heedlessly proceed into obvious danger. Rather, there is a duty upon such driver to observe due care in approaching and crossing the intersection and to drive as a prudent person would to avoid a collision when the danger is discovered or, by the exercise of reasonable care, should have been discovered. Pennington v. McLean, 16 Ill2d 577, 158 NE 2d 624; Anderson v. Middleton, 350 Ill App 59, 111

NE2d 904; Citizens National Bank of Decatur v. Doran, 3 Ill App2d 383, 122 NE2d 450; Dodds v. Chicago Transit Authority, 9 Ill App2d 388, 132 NE2d 816; Smith v. Ohio Oil Company, 10 Ill App2d 67, 134 NE 2d 526; Quigley v. Crawford, 19 Ill App2d 454, 153 NE2d 867; 164 ALR 8.

 The Illinois decisions, in applying this rule, have consistently held that it is the function of the jury to determine whether the judgment of the driver on the preferential highway conformed to the standards of the reasonable and prudent man. Citizens National Bank of Decatur v. Doran, supra, and Quigley v. Crawford, supra. The Supreme Court, in its last decision on this subject, spoke as follows: "The Illinois decisions, however, do not provide a precise formula for determining whether a particular vehicle has conformed to set standards; that question must be determined by the jury (citations), and involves considerations as to relative speeds and distances of the vehicles from the intersection." Pennington v. McLean, 16 Ill2d 577, 583, 158 NE2d 624, 627. No cases cited to us are to the contrary. Nor have we found any case where the decision was removed from the jury. See: Franks v. Childs, 345 Ill App 83, 102 NE2d 363.

In this case the defendant was operating her automobile along a familiar road. By her own testimony, she admits seeing the Vargo car when she was at least 366 feet back from the intersection. She admits that she couldn't tell the other car's speed, or whether it was going fast or slow. She continued into the intersection *without looking again* and without sounding her horn. She did not apply her brakes nor blink her lights until the impact.

 The driver of an automobile who does not maintain a proper lookout for traffic ahead is negligent. Cook v. Boothman, 24 Ill App2d 552, 165 NE2d

218

544. Even though defendant knew that the stop sign existed to halt traffic on Route 163, such does not relieve her from the duty to exercise care and caution. After her initial look, she failed to look again, even though she knew the other car was approaching. She entered the intersection without making any effort to ascertain where the approaching car was, what it was doing, or whether or not it was stopping. She did *nothing* to avoid the collision. We cannot say, under these circumstances and in view of the rules above cited, that reasonable men would not differ as to whether her conduct was good or bad, and, we cannot say that had defendant maintained a lookout she could not have avoided the collision. Therefore, it was error to withdraw the decision from the jury.

■■ But, defendant says that plaintiff did not sustain her burden of proving due care and caution on her part. Here again, the question is preeminently one for the jury. We need only cite, in this respect, Zank v. Chicago, R. I. & P. R. Co., 17 Ill2d 473, 161 NE2d 848, wherein the Supreme Court cited many authorities to support the proposition that a plaintiff passenger is not necessarily guilty of contributory negligence because he has done nothing.

The order of the trial court directing a verdict for the defendant at the close of plaintiff's evidence is reversed, and the cause remanded for a new trial.

Reversed and remanded.

CULBERTSON and SCHEINEMAN, JJ., concur.