**Paul R. Gary, Plaintiff-Appellant, v. Dorothy Rogers, Defendant-Appellee.**

Gen. No. 68–57.

Second District.

December 30, 1968.

Carbary, Carbary and Chapski, of Elgin, for appellant.

Brody and Gore, of Chicago, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This appeal is from a judgment on the verdict that found the defendant, Dorothy Rogers, not guilty and also from a denial of a post-trial motion filed by the plaintiff, Paul R. Gary, praying for a new trial or, in the alternative, for a judgment notwithstanding the verdict.

This is a personal injury action arising out of a collision which occurred on November 11, 1965, at approximately 9:00 p. m. at the intersection of Liberty Street and Lillie Street, Elgin, Illinois. Liberty Street is a four-lane, north and south highway with a thirty miles per hour speed limit. Lillie Street is an east-west street, intersecting Liberty Street and was controlled by stop signs.

On the night of the accident, plaintiff left his store and proceeded south on Liberty Street with his headlights on. As a result of the accident, he suffered amnesia and could not relate anything specific after a point two blocks from

the intersection and does not remember the actual impact. He had no passenger in his vehicle.

The defendant, who was 18 years of age at the time of the accident, testified, under adverse examination, that she did not recall the accident but that she learned, after the accident, that it occurred somewhere in the intersection of Lillie Street and Liberty Street. She did recall that there was a stop sign for westbound traffic on Liberty Street and that she stopped, looked both ways and saw no cars. She started right out again. She did not see the plaintiff's automobile before the collision. She also testified in a deposition that she had stated that she did not come to a complete stop; however, her present memory was that she had stopped.

The defendant's passenger, Abbott McMiller, was sitting in the right front seat of the car at the time of the impact but the defendant did not know where he was at the time of trial. Mr. McMiller was not produced by either party.

The police officer testified that he arrived at the scene between 9:00 p. m. and 10:00 p. m. and found that the streets were wet from an earlier rain. He found the plaintiff's vehicle about forty feet west of Liberty Street facing in a southwest direction and the other car, defendant's vehicle, facing southwest against the corner of a house which was located at the southwest corner of the intersection. He further testified that the plaintiff was unconscious with a laceration on his head; that defendant's vehicle had damage to the right front and right side; that plaintiff's vehicle had damage to its left side at the front end and the left rear; that he found no skidmarks; and that he concluded that the accident happened somewhere in the northwest quadrant of the intersection.

There were no other witnesses produced who testified to the collision. The balance of the witnesses were medical witnesses.

156

Plaintiff complains that the verdict is against the manifest weight of the evidence; that the trial court erred in giving of defendant's instruction which related to the duty of a driver having the right-of-way and that the trial court erred in its rulings concerning medical testimony. Defendant maintains that the plaintiff failed to prove that he was in the exercise of due care and that the instruction was proper.

Both parties have cited many cases relating to intersection collisions as authorities for their arguments. The court finds itself with a situation very similar to that found in Thomas v. Smith, 11 Ill App2d 310, 315, 137 NE2d 117 (1956), where the court stated:

"The defendants cite a number of cases where the courts have held that the plaintiffs have failed to prove negligence on the part of the defendants, or have failed to prove due care on the part of the plaintiffs. The difficulty of applying those cases to this case arises from the fact that each case presents a different set of circumstances. Several of them are cases where there were no witnesses to the accident, and reliance had to be on the circumstantial evidence in the case. That is the case here. Neither of the drivers remember just how the accident occurred. There were no eyewitnesses other than the drivers. The others involved in the accident were either asleep or dozing. The only facts from which conclusions can be drawn are those facts presented by the conditions of the cars themselves after the accident, the condition of the intersection, the position of the stop signs at the intersection, and the testimony of the officers and others who came to the scene of the accident a short time afterwards. To attempt to differentiate or distinguish between the facts in this case and the facts in other cases decided by our courts would be difficult and at best in-

157

conclusive. Each case must rest upon its own facts. It must be conceded that the question of whether or not the defendants were negligent and whether or not the plaintiffs were in the exercise of due care for their own safety are questions of fact."

■■ It is a well established rule that where the evidence is conflicting, in order for a verdict to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent, E. A. Meyer Const. Co. v. Drobnick, 49 Ill App2d 51, 56, 199 NE2d 447 (1964); Stone v. Guthrie, 14 Ill App2d 137, 151, 144 NE2d 165 (1957). Likewise, a verdict should not be set aside merely because the jury could have drawn different inferences from the evidence. In such situations this court will not substitute its judgment for that of the jury. E. A. Meyer Const. Co. v. Drobnick, supra, 56.

The damage to the vehicles and the position of the vehicles after the occurrence are equivocal. No witness testified to the speed, distance or position of the two vehicles immediately prior to or at the time of the impact. The jury did not have the benefit of the testimony of the defendant's passenger, McMiller, either by evidence deposition or examination at trial.

The collision in the northwest quadrant of the intersection, between the front end of the plaintiff's vehicle and the passenger's side of the defendant's vehicle is consistent with the plaintiff's argument that the defendant negligently either darted in front of the plaintiff or failed to yield the right-of-way to the plaintiff, and, consistent with the defendant's theory that the plaintiff failed to exercise ordinary care in driving through the intersection and failing to slacken his speed so as to avoid a collision.

■ "Considering the evidence presented and the inferences that might be drawn from the circumstances, we cannot say, applying the rule of Pedrick, that such evidence 'so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.'"

158

Larson v. Harris, 38 Ill2d 436, 440, 231 NE2d 421 (1967). We therefore deny plaintiff's prayer for judgment non obstante veredicto.

The defendant tendered three instructions to the court. His instruction #4 is IPI 70.01 which defines the common law duty of persons (both plaintiff and defendant in this case), operating motor vehicles and requires the giving of IPI 10.02 which was given as plaintiff's instruction #9. Defendant's instruction #8 is taken from IPI 10.03 setting forth the duty of the plaintiff to use ordinary care.

The plaintiff cites defendant's instruction #4 as the one being complained of. However, in his brief, he quotes defendant's instruction #1 as taken from plaintiff's abstract. We assume, since his argument relates to #1, that it was a clerical error. The instruction reads:

> "The fact that a vehicle has the right-of-way does not relieve its driver from the duty to exercise ordinary care in approaching, entering and driving through the intersection."

This constitutes the last paragraph of IPI 70.02 which states the duty of drivers approaching an open or uncontrolled intersection and was given by the court over plaintiff's objection.

Plaintiff's instruction #3 (Plaintiff's abstract shows two instructions numbered "3"; we will refer to the second of them) is IPI 60.01 which incorporates section 70 (b) and (c) of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1965, c 95½, § 167 (b) (c)) and constitutes the statutory instruction regarding the duty of a driver approaching a stop sign at an intersection. Plaintiff's instruction #3 states that the driver of a vehicle (the defendant in this case) approaching a stop sign shall yield the right-of-way to other vehicles. This was balanced, in our opinion, by defendant's instruction #1 which related the duty of vehicles (the plaintiff in this case)

159

approaching the intersection not faced by a stop sign. This we believe was a fair statement of the law and did not constitute error. As was stated in Froman v. Day, 87 Ill App2d 250, 231 NE2d 10 (1967), wherein the court, in quoting from Conner v. McGrew, 32 Ill App2d 214, 177 NE2d 417 (1961), had this to say at page 255:

". . . The authorities agree that a driver on a preferential highway does not have an absolute or unqualified right-of-way that can be asserted regardless of circumstances, distances or speed. Such a driver may not plunge blindly ahead in reliance upon an assumption that the other motorist will obey the law and yield the right-of-way, nor may he heedlessly proceed into obvious danger. Rather, there is a duty upon such driver to observe due care in approaching and crossing the intersection and to drive as a prudent person would to avoid a collision when the danger is discovered or, by the exercise of reasonable care, should have been discovered."

Defendant's instruction #1 in conjunction with plaintiff's instruction #3 did not, in our opinion, emphasize the duty of the plaintiff or work any prejudice to the plaintiff's case.

Having so decided the foregoing issues on the question of liability it is unnecessary to consider plaintiff's points regarding the examination of the medical witnesses.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.