DAVID REED, Plaintiff-Appellant, *v.* ETHEL WILLIAMS, Defendant-Appellee.

(No. 72-71;

Third District—February 4, 1973.

Elmo E. Koos, of Peoria, for appellant.

Robert H. Jannetten, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is a personal injury action commenced by the Plaintiff, David Reed, Appellant, in the Circuit Court of Tazewell County seeking to recover damages from Defendant, Ethel Williams, Appellee, as a result of an automobile collision. The jury returned its verdict in favor of the defendant and against the plaintiff from which judgment was entered. Post-trial motions were denied and this appeal follows.

Plaintiff was driving his automobile south on Illinois route 29 between Peoria and Pekin. It was about 9 P.M. and was dark. Route 29 is a four-lane highway and is straight and level where the mishap occurred. Defendant and her husband had been in Springfield and on their return had stopped at the Amvets clubhouse on the east side of route 29.

Defendant drove the automobile west on the driveway out to the highway. She testified she stopped at the edge of the highway and looked both north and south. She saw no automobile in the two northbound traffic lanes but did see plaintiff's automobile traveling south in the outside southbound lane. She testified that plaintiff's automobile was 300 feet to the north, not traveling very fast. She then drove forward across the two northbound lanes and turned south onto the inside southbound lane and her car was struck in the rear by one operated by the plaintiff. According to defendant there was no other car in the outside southbound lane at the time she looked to the north or prior to the collision.

According to plaintiff he was traveling south on route 29 in the company of his wife and baby at a speed of approximately 45 miles per hour. At a point some 300 to 350 feet north from where the collision occurred plaintiff indicated that he changed from the outside lane to the inside lane in order to pass another car and had passed another car just prior to the collision. He first saw the defendant's car as it was in the inside southbound lane about 100 feet from him at which time he applied his brakes, reduced his speed but collided with the rear portion of defendant's automobile.

In arguing that the trial court should have granted him a new trial plaintiff insists the jury's verdict was not supported by sufficient evidence and the trial court erred in rulings on instructions.

■■ We find no merit to plaintiff's claim that the verdict of the jury is unsupported by sufficient evidence. Where the evidence is conflicting or where conflicting inferences may be reasonably drawn from the evidence the resolution of such conflicts is peculiarly within the province of the jury. (*Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229

N.E.2d 504, and *Gary v. Rogers,* 104 Ill.App.2d 154, 243 N.E.2d 665.) The gist of plaintiff's objection to the jury's verdict is based generally on the fact that plaintiff was traveling on a preferential highway and the defendant was under a duty to yield the right of way to him. Even though plaintiff may have been on a preferential highway it is well settled that such fact does not excuse him from keeping a proper look out, reducing his speed if necessary or otherwise exercising reasonable care under the circumstances. *Gary v. Rogers,* 104 Ill.App.2d 154, 243 N.E.2d 665; *Froman v. Day,* 87 Ill.App.2d 250, 231 N.E.2d 10, and *Conner v. McGrew,* 32 Ill.App.2d 214, 177 N.E.2d 417.

■ Not only is the evidence conflicting as to what the parties did or did not do at the time of the mishap and for a reasonable time prior thereto but the inferences are also in conflict as to what the parties should or should not have done in relation to the circumstances preceding the collision. As indicated above it is undisputed that plaintiff shifted from the outside lane to the inside lane but the evidence is disputed concerning the reasons for the shift of lanes and the effect such lane shift had on the duties of the parties. We conclude that these issues as well as others were properly submitted to the jury and sufficiently support its verdict.

■■ Next plaintiff contends the court erred in giving defendant's instruction Number 3. This instruction provides:

> "There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:
> 'No vehicle may be driven upon any highway of this state at a speed which is greater than is reasonable and proper with regard to the traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when a special hazard exists with respect to other traffic. Speed must be decreased as may be necessary to avoid colliding with any vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.'
> If you decide that the plaintiff violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not the plaintiff was contributorily negligent before and at the time of occurrence."

Plaintiff argues the giving of the instruction was error because there was no evidence of excessive speed. However we believe the instruction was properly given because there was evidence from which the jury could have reasonably inferred that the plaintiff had failed to exercise reason-

able care in reducing his speed. *Berg v. Collier,* 60 Ill.App.2d 145, 208 N.E.2d 353, and *Wrighthouse v. Brown,* 52 Ill.App.2d 191, 201 N.E.2d 752.

■■ Plaintiff also has assigned as error the court's refusal to give his tendered instruction Number 16. As defendant points out, the ruling upon this instruction was not included in plaintiff's post-trial motion. The failure to specify this objection as a reason for seeking a new trial prevents this objection from being considered on review since any error with respect thereto has not been properly preserved. *Ill. Rev. Stat.* 1969, Ch. 110, Par. 68.1, and *Sny Island Drainage Dist. v. Meyer,* 27 Ill.2d 530, 190 N.E.2d 356.

Finding no error in the judgment of the Circuit Court of Tazewell County said judgment is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.