EMERY L. FINCHAM, Adm'r of the Estate of Judith A. Fincham, Deceased, Plaintiff-Appellant, *v.* CLARENCE COONEY, Adm'r of the Estate of Mary Ellen Cooney, Deceased, Defendant-Appellee.

Third District   No. 75-354

Opinion filed October 25, 1976.

Heyl, Royster, Voelker & Allen, of Peoria (William Voelker, Jr., of counsel), for appellant.

Westervelt, Johnson, Nicoll & Keller, of Peoria (Daniel L. Johns, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Judith Fincham was killed when the automobile in which she was a passenger collided with the Wullenwaber car at a rural intersection. Plaintiff, administrator of the estate of Mrs. Fincham, brought this negligence action against defendant as administrator of the estate of Mary Ellen Cooney, the deceased driver of the Cooney car. (No issue is raised concerning applicability of the guest statute (Ill. Rev. Stat. 1975, ch. 95½, par. 10—201).) Plaintiff appeals from a directed verdict in favor of defendant entered at the close of plaintiff's evidence.

According to the pleadings and evidence in the record, Mrs. Cooney

was driving a Volkswagon automobile west on Townline Road in Tazewell County at 10 a.m. on January 3, 1973. North-south traffic on Towerline Road, which intersected Townline Road, was controlled by stop signs. The Wullenwaber vehicle, a 1971 Oldsmobile sedan, traveling on Towerline Road, approached the intersection from the south and crossed Townline Road in front of the Cooney car. From the location of the debris, the collision apparently occurred just north and west of the center of the intersection in Mrs. Cooney's lane. The Cooney vehicle came to rest in the northwest corner of the intersection, facing southwest, with its front end demolished. The Wullenwabers' car stopped in a field 80 feet north and 18 feet west of the intersection, facing north, and was primarily damaged in the vicinity of the right front passenger door and fender. The Cooney car left no skidmarks, and its front wheels were directed straight ahead after the accident. Mrs. Fincham was killed instantly, and Mrs. Cooney also died as a result of her injuries. Both Mr. Wullenwaber, the driver of the Oldsmobile, and his wife, who was with him, were injured but survived. There was no eyewitness testimony at trial.

Plaintiff's chief witness was the deputy sheriff who investigated the accident. Photographs of the damaged cars and of the accident scene were received in evidence, along with several photographs showing that Mrs. Cooney's view of the intersection was virtually unobstructed as she approached from the east. It was raining the morning of the accident, but the temperature was above freezing. The deputy testified that he had attempted to interview both Mr. and Mrs. Wullenwaber but neither one could tell him what had happened. It is the plaintiff's theory that the question of defendant's negligence was a question of fact and that the trial court erred in taking the case from the jury. On appeal, plaintiff contends that the circumstantial evidence was susceptible of inferences favorable to plaintiff and was sufficient to present a jury question as to Mrs. Cooney's negligence. Defendant contends that the plaintiff failed to prove any negligence on the part of defendant, but merely proved that an accident happened when the Wullenwaber car came through the stop sign and ran into the defendant, and that no liability arises from this alone.

A directed verdict for defendant at the close of plaintiff's case can be sustained only where all of the evidence, when viewed in its aspect most favorable to plaintiff, so overwhelmingly favors defendant that no verdict in favor of plaintiff could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Applying that criteria, we must determine whether the trial court erred in ruling as a matter of law that plaintiff failed to prove a *prima facie* case of defendant's negligence. *Svrcek v. Kudlata* (1st Dist. 1974), 23 Ill. App. 3d 978, 320 N.E.2d 377.

In a remarkably similar case, *Conner v. McGrew* (4th Dist. 1961), 32 Ill.

App. 2d 214, 177 N.E.2d 417, a passenger sued the host driver of a car which was traveling on a preferential highway at the time it was struck by a car which failed to yield the right-of-way in an intersection. The reviewing court reversed the directed verdict for defendant entered at the close of plaintiff's case, and in so doing set out the standard of care required of a driver proceeding along a preferential highway, as follows:

"The authorities agree that a driver on a preferential highway does not have an absolute or unqualified right of way that can be asserted regardless of circumstances, distances or speed. Such a driver may not plunge blindly ahead in reliance upon an assumption that the other motorist will obey the law and yield the right of way, nor may he heedlessly proceed into obvious danger. Rather, there is a duty upon such driver to observe due care in approaching and crossing the intersection and to drive as a prudent person would to avoid a collision when the danger is discovered or, by the exercise of reasonable care, should have been discovered. [Citations.]

The Illinois decisions, in applying this rule, have consistently held that it is the function of the jury to determine whether the judgment of the driver on the preferential highway conformed to the standards of the reasonable and prudent man." 32 Ill. App. 2d 214, 217-18; 177 N.E.2d 417, 418.

In *Conner* and the cases which preceded it (*e.g., Pennington v. McLean* (1959), 16 Ill. 2d 577, 158 N.E.2d 613), the test for upholding a directed verdict was whether there was "any evidence" of negligence. That test, of course, was rejected in *Pedrick*, and is no longer applicable. However, the *Pedrick* decision did not change the standard of care required of a driver on a preferential highway as set forth in earlier cases, and the rule stated in *Conner* is still valid today. *Gettemy v. Grgula* (1st Dist. 1975), 25 Ill. App. 3d 625, 323 N.E.2d 628, 630; *Thomas v. Consolidated School District No. 429* (4th Dist. 1972), 7 Ill. App. 3d 45, 286 N.E.2d 536, 541; *Gary v. Rogers* (2d Dist. 1968), 104 Ill. App. 2d 154, 243 N.E.2d 665. Contra, *Hale v. Cravens* (4th Dist. 1970), 129 Ill. App. 2d 466, 263 N.E.2d 593, 598.

Plaintiff's theory is that the location of the cars, the debris on the highway, the damage to the vehicles, the absence of skidmarks, and the unobstructed view are circumstances which support a reasonable inference that Mrs. Cooney failed to keep a proper lookout and failed to exercise due care to avoid a collision when the danger was or should have been discovered. Defendant argues that these same circumstances give rise to an inference that Wullenwaber's vehicle traveled through the intersection at such a high rate of speed that Mrs. Cooney had no opportunity to take any action to avoid the accident. After reviewing the record, we believe that the evidence is consistent both with plaintiff's

theory and with defendant's, and that the conflicting inferences presented a jury question.

Plaintiff had no choice but to depend solely on the reasonable inferences from the physical evidence found at the scene of the collision to reconstruct what had occurred. Similar evidence was held sufficient to establish a *prima facie* case of negligence in *Svrcek v. Kudlata* (1st Dist. 1974), 23 Ill. App. 3d 978, 320 N.E.2d 377. (See also *Gary v. Rogers* (2d Dist. 1968), 104 Ill. App. 2d 154, 243 N.E.2d 665.) A finding of negligence may be based upon circumstantial evidence alone, provided the inferences drawn therefrom are reasonable. *Pearson v. Ford Motor Co.* (1st Dist. 1975), 32 Ill. App. 3d 188, 336 N.E.2d 528; accord, *Smith v. Stopher* (5th Dist. 1970), 125 Ill. App. 2d 378, 261 N.E.2d 16.

We conclude that plaintiff's evidence was sufficient, when viewed in its aspect most favorable to plaintiff, to submit the matter for a decision by the jury. Consequently the trial court erred in directing a verdict for defendant at the close of plaintiff's evidence. Plaintiff is entitled to a new trial consistent with the views expressed in this opinion.

Reversed and remanded.

STOUDER, P. J., and BARRY, J., concur.