JEFFERY D. GUY, Plaintiff-Appellant, v. RUBY L. STEURER, Defendant-Appellee.

Second District   No. 2—92—0284

Opinion filed December 31, 1992.

306

John M. Driscoll, of Driscoll & Driscoll, of Schaumburg, for appellant.

John W. Gilligan, Esther Joy Schwartz, Richard W. Schumacher, and Donald E. Stellato, all of Stellato & Schumacher, Ltd., of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Jeffery D. Guy, plaintiff, filed a complaint for damages arising out of an automobile collision with Ruby L. Steurer, defendant. The jury returned a general verdict in favor of defendant. Plaintiff filed a motion for judgment notwithstanding the verdict and a motion for a new trial. Both motions were denied and plaintiff appealed. On appeal, plaintiff seeks a remand for a new trial. For the following reasons, we affirm.

The collision occurred on November 17, 1988, at approximately 4 p.m. at the intersection of Larkin Avenue and Jane Drive in Elgin, Illinois. Larkin Avenue consists of five lanes; two lanes running east, two lanes running west, and a center turn lane. There are no traffic control signals or devices for traffic on Larkin. Jane Drive consists of two lanes, one in each direction running north and south. Traffic travelling south on Jane is controlled by a stop sign at its intersection with Larkin.

Immediately prior to the collision, plaintiff was travelling in his Ford truck in an easterly direction on Larkin Avenue, a preferential road, at approximately 30 miles per hour. Defendant was travelling southbound on Jane Drive in her Chevrolet Celebrity. She approached the intersection at Larkin Avenue, stopped at the stop sign, and looked both ways down Larkin before proceeding into the intersection. Defendant began to cross the intersection very slowly, travelling no more than 10 miles per hour. She slowly accelerated and proceeded across two lanes of westbound traffic and as far as the curb lane of eastbound traffic on Larkin when plaintiff's vehicle struck defendant's vehicle in the rear of the passenger's side.

Plaintiff filed a complaint alleging that defendant was negligent in failing to yield the right-of-way, remain stopped at the stop sign when danger was imminent, and keep a proper lookout while operating her vehicle. The jury returned a general verdict in favor of defendant.

Plaintiff's motions for a judgment notwithstanding the verdict and for a new trial were denied, and this timely appeal followed.

There are different standards used in determining whether a judgment *n.o.v.* should be entered or a new trial granted. Although the trial court denied both plaintiff's motions for a new trial and for a judgment *n.o.v.*, plaintiff's notice of appeal states that he only seeks a remand for a new trial. It is the province of the jury to resolve conflicts in the evidence, to pass upon the credibility of witnesses, and to decide what weight to attribute to the witnesses' testimony. (*People v. Holmes* (1990), 141 Ill. 2d 204, 243.) A reviewing court cannot usurp the function of the jury and substitute its judgment on questions of fact fairly submitted, tried, and determined from the evidence. (*Maple v. Gustafson* (1992), 151 Ill. 2d 445, 452-53.) Thus, a jury's verdict will not be disturbed on appeal and remanded for a new trial unless it is against the manifest weight of the evidence. (*Maple*, 151 Ill. 2d at 454.) A verdict is against the manifest weight of the evidence when the opposite conclusion is clearly evident or the jury's findings are arbitrary, unreasonable, and not based upon the evidence. *Maple*, 151 Ill. 2d at 454; *Hays v. Fabian* (1992), 231 Ill. App. 3d 203, 206.

In this case, the jury returned a general verdict in favor of defendant. This means that the verdict is silent as to the jury's reasons for finding in favor of defendant since the jury did not answer any special interrogatories or enter any specific findings of fact. Thus, the jury could have entered judgment for defendant on the basis that (1) defendant was not negligent in proceeding past the stop sign and onto the preferential highway; (2) defendant was negligent, but plaintiff was greater than 50% negligent, thus barring his claim for damages altogether under the modified form of comparative negligence (Ill. Rev. Stat. 1989, ch. 110, par. 2—1116); or (3) defendant's negligence did not proximately cause plaintiff's injuries. To sustain his burden of proving that the jury's verdict was against the manifest weight of the evidence, plaintiff must show that each of the above scenarios is not supported by the evidence.

■ Under section 11—904(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—904(b)), a driver at a stop sign on a road intersecting with a preferential highway must yield the right-of-way to any vehicle approaching so closely on the highway that it constitutes an immediate hazard to his vehicle's travel across the intersection. This provision has not been construed to impose absolute liability upon a party approaching a stop sign on a nonpreferential road such that he must stop long enough to permit any car he observes on the highway to pass, regardless of its distance from the intersection.

(*Pennington v. McLean* (1959), 16 Ill. 2d 577, 583; *Fincham v. Cooney* (1976), 42 Ill. App. 3d 719, 721-22.) Rather, the statute requires the motorist confronted by the stop sign to exercise reasonable care and proceed across the intersection after he has stopped and yielded the right-of-way to vehicles on the highway that constitute an "immediate hazard." *Pennington,* 16 Ill. 2d at 583.

■ Likewise, a driver on a preferential road does not have an absolute right-of-way to proceed into obvious danger. (*Johnson v. May* (1992), 223 Ill. App. 3d 477, 484.) He has a duty to keep a proper lookout, observe due care in approaching and crossing intersections, and drive as a prudent person would to avoid a collision when danger is discovered, or should have been discovered by the exercise of reasonable care. *Salo v. Singhurse* (1989), 181 Ill. App. 3d 641, 643.

There is no precise formula for determining whether a particular vehicle has conformed to the above standards. The issue involves considerations as to the relative speeds and distances of the vehicles from the intersection and must be determined by the trier of fact. (*Hays,* 231 Ill. App. 3d at 206; *Kofahl v. Delgado* (1978), 63 Ill. App. 3d 622, 625.) The jury's findings on such issues are not against the manifest weight of the evidence unless a contrary conclusion is clearly evident. *Hasty v. Kilpatrick* (1985), 130 Ill. App. 3d 859, 863.

In denying plaintiff's motion for a new trial, the trial court stated that the principles of *Pennington v. McLean* applied. In *Pennington,* the plaintiff's intestate proceeded across a preferential highway after having stopped at an intersection and was hit by defendant in the rear passenger's side of his vehicle. At issue before our supreme court was whether plaintiff's intestate exercised due care when proceeding from the stop and crossing the preferential highway. Based on the position of the vehicles after impact and the damaged portions of the vehicles, the court found sufficient evidence from which the jury could conclude that the collision occurred at an advanced stage of the truck's crossing of the intersection. According to the *Pennington* court, the length of time the plaintiff's vehicle was in the intersection and the defendant's speed while approaching the intersection created a question of fact for the jury concerning whether the plaintiff's intestate should have seen or regarded the defendant as an "immediate hazard" at the time he entered the intersection. (*Pennington,* 16 Ill. 2d at 585.) *Pennington* was decided when the test for directing a verdict was whether there was "any evidence" of negligence, which was rejected in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, and is no longer applicable. However, as determined in *Fincham* (42 Ill. App. 3d at 721), the *Pedrick* decision did not change the stand-

ard of care required of a driver on a preferential highway as enunciated by the *Pennington* court. (*Pennington,* 16 Ill. 2d at 583; see also *Twait v. Olson* (1982), 104 Ill. App. 3d 191, 194.) Therefore, the facts of *Pennington* are instructive concerning a preferential driver's conformance to the applicable standard of care.

In this case, defendant testified that traffic was moving in both directions on Larkin and that she did not see plaintiff's truck until after impact. Plaintiff, however, testified that he first observed defendant's vehicle proceed across Larkin when he was six to seven car lengths away from the intersection. As in *Pennington,* plaintiff watched defendant slowly cross two westbound lanes of traffic and at least one eastbound lane on Larkin while continuing to travel at a steady rate of 30 miles per hour. He did not sound his horn, swerve behind defendant's vehicle, or attempt to brake until immediately prior to impact. Although plaintiff believed defendant was going to stop and allow his vehicle to pass, he stated that he observed her vehicle slowly proceed from the intersection and accelerate across Larkin without any hesitation. When he realized that defendant was not going to stop, he swerved in the direction defendant's vehicle was travelling and struck her automobile on the rear passenger's side. Based on this evidence, the jury could have found that plaintiff's vehicle was not an "immediate hazard" when defendant proceeded from the stop sign.

Plaintiff's complaint alleges that defendant crossed in front of and in the path of his eastbound vehicle and failed to yield the right-of-way and remain stopped at the stop sign while oncoming traffic on Larkin required her to do so. In support of this contention, plaintiff cites several cases where a driver was negligent in failing to yield the right-of-way to a driver on a preferential highway. In each of those cases, the court reasoned that the motorist on the preferential road had the right to expect that the vehicle approaching on the secondary road controlled by a stop sign would obey the stop sign and yield the right-of-way. When the motorist drove into the path of the preferential driver, the circumstances afforded no opportunity to avoid the collision. *Salo,* 181 Ill. App. 3d at 643; *First National Bank v. Douell* (1987), 161 Ill. App. 3d 158, 161-62; *Romero v. Ciskowski* (1985), 137 Ill. App. 3d 529, 534; *Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, 619-20.

■ This has also been referred to as an "unavoidable collision." A driver's failure to observe speed appropriate to conditions and maintain a proper lookout, or any other acts or omissions, do not render that driver negligent if those acts are not the proximate cause of

a plaintiff's injuries. (*Chevrie v. Gruesen* (1991), 208 Ill. App. 3d 881, 885.) As stated in *Chevrie*, an "unavoidable collision" is without proximate cause, and a driver's acts or omissions in breach of a duty are not material. (*Chevrie*, 208 Ill. App. 3d at 885.) An unavoidable collision normally occurs when a motorist is confronted with a sudden swerve into his right-of-way by an approaching vehicle. Thus, the driver has insufficient time to react and take evasive action. *Chevrie*, 208 Ill. App. 3d at 886.

■ Plaintiff's only explanation for failing to decrease his speed is that he believed defendant was going to stop. Phrased another way, plaintiff believes he was without negligence because the collision was unavoidable. However, the evidence in this case fails to support plaintiff's contention that he had insufficient time to react to defendant's vehicle and was faced with an "unavoidable collision." Rather, plaintiff admittedly observed defendant travel across four lanes of traffic and into his path without reducing his speed. Further, the evidence does not indicate that defendant hesitated or otherwise drove in a manner which would reasonably lead plaintiff to believe she was going to stop before proceeding into the intersection. Contrary to the cases cited above, plaintiff had an opportunity to avoid the collision by decreasing his speed, sounding his horn, or changing lanes. This is significant in that it bears on whether plaintiff observed his own duty to exercise due care in approaching and crossing the intersection and to drive as a prudent person would to avoid a collision when danger is discovered, or should have been discovered by the exercise of reasonable care. As stated in *Haight v. Aldridge Electric Co.* (1991), 215 Ill. App. 3d 353, 364, a driver on a preferential highway does not have an absolute or unqualified right-of-way that can be asserted regardless of circumstances, distances or speed. He may not plunge blindly ahead in reliance on the assumption that the other motorist will obey the law and yield the right of way. (*Haight*, 215 Ill. App. 3d at 364, quoting *Fincham*, 42 Ill. App. 3d at 721.) We find the evidence sufficient to indicate that the jury could have found plaintiff was more than 50% negligent, thereby barring any recovery (Ill. Rev. Stat. 1989, ch. 110, par. 2—1116), and defendant's negligence did not proximately cause plaintiff's injuries. For these reasons, we find that the jury's verdict was not against the manifest weight of the evidence.

Next, plaintiff contends that the jury was improperly instructed on the issue of plaintiff's comparative negligence. The following instruction was given to the jury over plaintiff's objection:

"The defendant claims that the plaintiff was contributory [*sic*] negligent in one or more of the following respects:

A. Failed to keep a proper lookout;

B. Failed to yield the right-of-way;

C. Failed to stop or take evasive action;

D. Failed to give audible warning.

The defendant further claims that one or more of the foregoing was the sole proximate cause of the plaintiff's injuries."

(See Illinois Pattern Jury Instructions, Civil, No. 20.01 (3d ed. 1992) (hereinafter IPI Civil 3d).) Plaintiff objects to the instruction on the basis that defendant's affirmative defense did not allege that plaintiff failed to give an audible warning and also on the basis that there was no evidence that plaintiff had the duty to give an audible warning.

Defendant's affirmative defense states that plaintiff failed to maintain a proper lookout, to yield the right-of-way to traffic in the roadway, to avoid an imminent collision, and was otherwise careless and negligent. It does not specifically allege that plaintiff failed to give an audible warning. At trial, however, plaintiff admitted that he did not sound his horn. Thus, defendant seeks an amendment to the pleadings on review to conform to the proofs in the trial court.

Supreme Court Rule 366(a)(1) allows the appellate court, within its discretion, to exercise any of the powers of amendment of the trial court. (134 Ill. 2d R. 366(a)(1).) The party seeking an amendment to the pleadings or the record on appeal must present a written application supported by an affidavit which shows that the amendment is necessary, that no prejudice will result if the amendment is permitted, and that the issues raised by the amendment are supported by the facts in the record on appeal. (134 Ill. 2d R. 362.) The record fails to indicate that defendant sought an amendment in the trial court or followed these procedures in seeking an amendment to the pleadings to conform to the proofs on review. Accordingly, defendant erred by failing to allege that plaintiff did not give an audible warning in her affirmative defense and by failing to follow Supreme Court Rule 362 in seeking an amendment to the pleadings on review.

■ The Illinois Vehicle Code requires the driver of a motor vehicle to give an audible warning with his horn "when reasonably necessary to insure safe operation." (Ill. Rev. Stat. 1989, ch. 95½, par. 12—601(a).) When there is evidence that the driver saw the other vehicle prior to the collision, a question of fact exists concerning whether the driver breached his statutory duty to give an audible warning, and an instruction is justified. (See *Tucker v. Illinois Power Co.* (1992), 232 Ill. App. 3d 15, 33; *Forney v. Calvin* (1975), 35 Ill. App. 3d 32, 40.) The trial court has discretion in deciding which issues are raised by the evidence, which will not be disturbed on review ab-

sent a clear abuse of discretion. *Johnson v. Owens-Corning Fiberglas Corp.* (1992), 233 Ill. App. 3d 425, 436.

In this case, plaintiff testified that he first saw defendant when he was six to seven car lengths away. He observed defendant's vehicle cross four lanes of traffic on Larkin and did not sound his horn, decrease his speed, or attempt to brake until immediately prior to impact. Under these circumstances, we found sufficient evidence from which the jury could have found that defendant was not negligent, that defendant's negligence did not proximately cause plaintiff's injuries, or that plaintiff was more than 50% negligent. Thus, any error which occurred by instructing the jury on the failure to give an audible warning was not prejudicial. Without any prejudicial error occurring due to the instruction, an amendment to defendant's affirmative defense is a moot issue. Thus, the trial court did not abuse its discretion in giving the instruction concerning the possibility of plaintiff's comparative negligence in failing to give an audible warning. Accordingly, no amendment to defendant's affirmative defense is necessary.

Lastly, plaintiff contends that the court erred by giving the following instruction concerning a driver's statutory obligation to decrease speed when approaching and crossing an intersection:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection ***.

If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, a party was negligent before and at the time of the occurrence." (IPI Civil 3d No. 60.01.)

(Ill. Rev. Stat. 1989, ch. 95½, par. 11—601(a).) Plaintiff contends that the instruction, as proffered, "totally ignores the fact that this was a controlled intersection and that the plaintiff had the right of way and that the defendant had the duty to yield the right of way."

■ Section 11—601 of the Illinois Vehicle Code imposes a duty to maintain a proper lookout for other cars travelling on the road.

(*Chevrie*, 208 Ill. App. 3d at 884.) This duty applies even when driving under the maximum limit. (*Williams v. Garmane* (1992), 226 Ill. App. 3d 1021, 1026; *Masotti v. Console* (1990), 195 Ill. App. 3d 838, 843-44.) The duty to maintain a proper lookout imposed by section 11—601 includes the duty of a driver on a preferential road to keep a proper lookout, observe due care in approaching and crossing intersections, and drive as a prudent person would to avoid a collision when danger is discovered, or should have been been discovered by the exercise of reasonable care. *Salo*, 181 Ill. App. 3d at 643.

An instruction concerning the violation of a statute should be given only when the evidence supports a finding that a violation actually occurred. (*Mayol v. Summers, Watson & Kimpel* (1992), 223 Ill. App. 3d 794, 810; *Harris v. Day* (1983), 115 Ill. App. 3d 762, 773; *Blake v. Tri-State Crane Service, Inc.* (1983), 114 Ill. App. 3d 1059, 1065.) In this case, plaintiff admittedly observed defendant's vehicle cross at least four lanes of traffic on Larkin prior to impact. Based on this evidence, we previously determined that the jury could have found no liability on the part of defendant based on the three issues previously discussed. We believe plaintiff's testimony is sufficient to support a finding that his failure to keep a proper lookout proximately caused the collision. Thus, the instruction concerning plaintiff's failure to keep a proper lookout and decrease speed when approaching an intersection was not an abuse of discretion.

For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

Affirmed.

INGLIS, P.J., and UNVERZAGT, J., concur.