THE FIRST NATIONAL BANK OF GENEVA, as Special Adm'r of the Estate of Joseph Brayton, Deceased, Plaintiff-Appellant and Cross-Appellee, v. DENNIS K. DOUELL, Defendant-Appellee and Cross-Appellant.

Second District   No. 2—86—1017

Opinion filed October 5, 1987.—Rehearing denied November 2, 1987.

Charles E. Petersen, of Clancy & McGuirk, P.C., of St. Charles (Wendell W. Clancy, of counsel), for appellant.

Stephen R. Swofford and Thomas A. Brabec, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Joshua G. Vincent, of counsel), for appellee.

JUSTICE INGLIS delivered the opinion of the court:

This is an appeal and cross-appeal from a wrongful death action brought by the special administrator of the estate of Joseph Brayton (decedent) on behalf of and for the benefit of decedent's parents and two brothers.

On January 6, 1984, decedent had a collision with defendant, Dennis Douell. Defendant was driving a "step van" which was approximately 7 feet wide and 10 feet high. The collision occurred at the "T" intersection of Eola and Butterfield Roads in Aurora, Illinois. At that intersection, Butterfield Road is a two-lane highway running east and west with a posted speed limit of 55 miles per hour. Eola Road intersects Butterfield from the south and is controlled by a stop sign. There are no traffic controls on Butterfield. Immediately prior to the accident, decedent was stopped at the stop sign on Eola Road. The collision occurred at approximately 5:10 to 5:13 p.m. The sun was on the horizon or had just set, and it was still light out; various witnesses described it as being twilight or dusk. Immediately prior to the accident, defendant was travelling east on Butterfield Road at a rate of

speed between 40 and 45 miles per hour. Defendant testified that at the time of the accident and immediately prior thereto, his headlights were on. The driver immediately behind decedent testified that when defendant was about 8 to 10 feet from the intersection, he saw decedent pull out to make a left-hand turn onto Butterfield Road and into the path of defendant. Defendant himself testified that when he was 10 to 15 feet from the intersection, decedent pulled out in front of him. Defendant further testified that he applied his brakes and honked his horn in the same instant the accident occurred. Decedent died on impact. At the time of the accident, decedent was 17 years old and a senior at Geneva High School. He is survived by his parents, an identical twin brother, and one younger brother.

At the conclusion of the trial, the jury returned a verdict awarding decedent's twin brother $28,000 and awarding his parents and his younger brother $4,000 each, for a total award of $40,000. The jury also found that decedent was 75% at fault for the occurrence. Consequently, the award to the twin brother was reduced to $7,000 and the remaining awards were each reduced to $1,000 for a total net judgment of $10,000. Defendant moved for a judgment notwithstanding the verdict. That motion was denied. Plaintiff filed a timely notice of appeal, and the defendant filed a timely cross-appeal.

■ We first consider defendant's contention on cross-appeal, that the trial court erred in denying defendant's motion for judgment notwithstanding the verdict.

Defendant argues that the plaintiff pulled out in front of defendant when defendant was so close to the intersection as to render the collision completely unavoidable. In response, plaintiff contends that the evidence produced created a substantial factual dispute as to the cause of the accident. We disagree with plaintiff and reverse the judgment of the trial court.

■ A judgment notwithstanding the verdict should be entered in those cases in which all the evidence, when viewed in the light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.

In a factually similar case, the Appellate Court for the Third District upheld a directed verdict in favor of the defendant. (*Marsh v. McNeill* (1985), 136 Ill. App. 3d 616.) In *Marsh*, the collision occurred at an intersection where the defendant was driving eastbound and the car in which plaintiffs were riding was headed southbound. Only the southbound frontage road was controlled by a stop sign. In *Marsh*, the defendant was travelling at approximately 45 miles per hour. The car

in which plaintiffs were riding entered the intersection when the defendant's vehicle was approximately 50 feet away. (136 Ill. App. 3d 616, 618.) The defendant attempted to avoid a collision by applying his brakes, either at the same time as impact or a quarter of a second before impact, and also by turning his truck to the right. He did not, however, sound his horn. His speed at the time of the collision was 30 miles per hour. The trial court took judicial notice that a vehicle moving at that speed would travel 44 feet per second.

Because the road that the car in which plaintiffs were riding was controlled by a stop sign, and the defendant was travelling on a preferential highway, the court found that it was the duty of the driver of plaintiffs' car to stop and then to yield the right-of-way to any vehicle approaching so closely as to constitute an immediate hazard to her proceeding across or into the intersection. (136 Ill. App. 3d 616, 619.) The court also found that it was only because the plaintiffs' car pulled out in front of the defendant when he was so close to the intersection that the defendant was unable to apply his brakes in time to avoid the collision. (136 Ill. App. 3d 616, 619.) Quoting *Hession v. Liberty Asphalt Products, Inc.* (1968), 93 Ill. App. 2d 65, 74, the *Marsh* court stated:

> " 'Stop signs are erected for the obvious purpose of requiring motorists to yield to vehicles on through highways. If the motorist on the through highway had to travel at such a speed that he could stop his car in time to avoid collisions with vehicles which ignore stop signs on intersecting roads, the purpose of having a through highway in the first place would be entirely thwarted. The driver who has the stop sign cannot assume the car on the through highway will stop. It is the other way around.' " (*Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, 619-20.)

The court concluded that the sole cause of the collision was the fact that the plaintiffs' car drove directly into the path of the defendant's truck under circumstances that afforded him no opportunity to avoid the collision. (136 Ill. App. 3d 616, 620.) The court concluded, "[w]e believe that under these facts it may be fairly stated that all the evidence, when viewed in its aspect most favorable to the plaintiffs, so overwhelmingly favors [defendant] that no contrary verdict based on the evidence could ever stand." 136 Ill. App. 3d 616, 620.

Similarly, in the present case, the collision occurred where defendant was travelling on a throughway with a 55-miles-per-hour posted speed limit and decedent entered that throughway from a side road which was controlled by a stop sign. Testimony by both defendant and one other witness indicated that decedent pulled out in front of defendant when defendant was only 10 to 15 feet from the intersection.

Defendant further testified that at the time of the accident the lights of his van were on. There was no testimony to either corroborate or refute this testimony. One witness stated that he did not remember whether defendant had his headlights on, and the other occurrence witness did not testify as to whether they were on or not.

The facts in the present case are even more compelling of a judgment notwithstanding the verdict than those that were presented in *Marsh* for the simple reason that defendant in the present case had even less time to avoid a collision than did the defendant in *Marsh.* Travelling at a rate of 40 miles per hour, defendant would have been traveling at a rate of 59 feet per second. Given this rate of speed and the fact that defendant was, at most, only 15 feet away from the intersection when decedent pulled out in front of him, we can only conclude that decedent was the sole cause of the accident.

■ Plaintiff argues that conflicting versions of automobile collisions preclude judgment notwithstanding the verdict, citing *Mackey v. Daddio* (1985), 139 Ill. App. 3d 604. However, the instant case does not present conflicting versions of the collision.

The only conceivable reason the trial court could have had for refusing to enter a judgment notwithstanding the verdict is if it had found that there was an issue as to whether defendant's lights were illuminated. Should defendant have had his lights on to make himself visible, but did not, he could have been found to be negligent. However, plaintiff had the burden of proof to show that defendant was negligent. (*Lode v. Mercanio* (1979), 77 Ill. App. 3d 150, 154.) Consequently, plaintiff had the burden of proving that defendant did not have his lights on. This the plaintiff did not do. Other than defendant's testimony that his lights were on, the most that was stated was that none of the witnesses remembered whether they were on or not.

Plaintiff also argues that despite the fact that defendant was traveling below the speed limit, defendant could have been negligent by not slowing down further. This argument, however, ignores both *Marsh* and *Hession.*

Consequently, viewing all the evidence in a light most favorable to plaintiff, we conclude that no judgment for plaintiff could stand. Therefore, we reverse the judgment of the trial court. Because this finding is dispositive of the case, we need not consider the other contentions raised by the parties.

Reversed.

UNVERZAGT and HOPF, JJ., concur.