2020 IL App (1st) 181795

FOURTH DIVISION
Filing Date  November 25, 2020

No. 1-18-1795

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CE DESIGN LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | No. 06 CH 27638 |
| v. | ) ) | The Honorable |
| C & T PIZZA, INC., JOSEPH CIANCIOLO, and FRAN CIANCIOLO, | ) ) ) | Sanjay Tailor, Judge, Presiding. |
| Defendants-Appellees. | ) ) | |

JUSTICE HALL delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, CE Design, Ltd., appeals from an order of the circuit court which granted

defendants, C&T Pizza, Inc., and Joseph and Fran Cianciolo's, motion for summary judgment on

plaintiff's class action complaint based upon violations of the Telephone Consumer Protection Act

(TCPA) (47 U.S.C. § 227(b)(1)(C)) and the Illinois Consumer Fraud and Deceptive Business

Practices Act (Consumer Fraud Act) (815 ILCS 505/2 (West 2018)), and conversion. For the reasons that follow, we affirm the circuit court's judgment.

¶ 2                                    BACKGROUND

¶ 3     Much of the background relative to this case was set forth in a prior interlocutory appeal, *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465 (*CE Design I*).  In that appeal, defendant appealed class certification in an action alleging violation of the TCPA (47 U.S.C. § 227(b)(1)(C) (2006)), which makes it unlawful to "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  *CE Design Ltd.*¸ 2015 IL App (1st) 131465, ¶ 1.  We will recite those facts that are relevant to the disposition of this appeal.

¶ 4     Defendant, C & T Pizza, doing business as Great Chicago Pizza, is a pizza delivery restaurant in Schaumburg, Illinois. *Id.* at ¶ 3.  C & T Pizza is owned by Joseph and Fran Cianciolo. In March 2006, a fax broadcaster, Business to Business Solutions (B2B)[1], sent a fax to defendant advertising its services. *Id.*  B2B is based in New York and run by Caroline Abraham, who works with a Romanian company known as Macaw to send fax advertisements in the United States. *Id.* Joseph responded to B2B's advertisement and ultimately hired the company to advertise his pizza business. *Id.*

¶ 5     B2B created a fax advertisement for the business after Joseph completed a document from B2B with information and details about his pizza business. *Id.* at ¶ 4. Defendant paid B2B $268 to send out 5,000 fax advertisements and B2B planned on transmitting the fax advertisements to zip codes and area codes near the pizza business. *Id*. On May 4, 2006, B2B sent a fax of defendant's

---

[1] B2B was not named as a party in the proceedings below and is not a party to this appeal.

advertisement to 2,765 fax numbers, of which 1,935 were successfully transmitted. *Id*. The next day, B2B sent a fax of defendant's advertisement to 2,729 fax numbers, of which 1,893 were successfully transmitted. *Id.* at ¶ 4. Plaintiff received faxes on both days. I*d.* at ¶ 5.

¶ 6     Plaintiff is a small civil engineering firm based in the Chicago area that engages in plaintiff class-action litigation involving the TCPA. *Id.* at ¶ 5. Plaintiff's business address is located approximately seven miles from the pizza restaurant's business address.

¶ 7     In December 2006, plaintiff filed suit against C & T Pizza and Joseph and Fran Cianciolo (collectively defendants), seeking statutory damages under the TCPA, the Consumer Fraud Act, and for conversion. *Id.* at ¶ 6. Plaintiff also filed a motion for class certification, which it amended twice.

¶ 8     The record indicates that in January 2011, defendants filed a response to plaintiff's second amended motion for class certification. Attached to defendants' response was Joseph's affidavit (2011 affidavit). In this affidavit, Joseph averred that "[w]hile a large majority of the restaurant's customers were located within two miles of the restaurant, all of the restaurant's customers were located within four miles of the restaurant." He also averred that defendant never delivered to anyone outside of four miles of the restaurant and "never delivered to anyone in Rolling Meadows." Finally, Joseph averred that he "instructed B2B to only send the faxes to those businesses and individuals who resided within a two-mile radius of the restaurant."

¶ 9     In April 2013, the circuit court granted plaintiff's motion for class certification in a memorandum opinion and order certifying the class. *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 6. Defendant filed a petition for leave to appeal the class certification which was granted. *Id.*

¶ 10     Pertinent to the issues raised in the current appeal, one of defendants' arguments in *CE Design I* was that "plaintiff resided outside the geographical area which B2B was authorized to

transmit defendant's fax advertisements because plaintiff was located more than five miles from the pizza restaurant." *Id.* at ¶ 18. Defendants further claimed that "any fax advertisements sent beyond a two-mile radius of the pizza restaurant were not authorized [by them]." *Id.* However, this court found that nothing in the record supported defendant's position and that defendant cited "nothing where Cianciolo instructed B2B to limit the geographic target area to a two-mile radius of the pizza restaurant." *Id.*

¶ 11     This court noted that:

> "The only evidence defendant points to in support of this claim is Cianciolo's recollection of a telephone conversation he had with someone at B2B, wherein they discussed it was 'supposed to be like a couple of miles from the business.' This is hardly a strict instruction to B2B to limit all faxes to exactly two miles. Moreover, this initial conversation occurred on March 1, 2006, and Cianciolo did not finally agree to have B2B transmit the fax advertisements on defendant's behalf until two months later on May 3, 2006. In the meantime, Cianciolo exchanged numerous faxes with B2B and had a second telephone conversation with B2B where he never again mentioned anything about geography, let alone a strict two-mile limitation on B2B's authority." *Id.* at ¶ 19.

¶ 12     This court further found that: "B2B did exactly what it agreed to do and transmitted defendant's advertisements to the fax numbers in its database that were as close to the zip code of defendant's restaurant as possible. * * * There is no basis to contest liability under the TCPA for faxes that defendant admits to have authorized B2B to send." *Id.* at ¶ 20.

¶ 13     This court further found that B2B had the apparent authority to send the unsolicited fax advertisements, and that the trial court did not abuse its discretion by finding that B2B sent defendants' faxes to plaintiff on defendants' behalf where Joseph admitted that he engaged B2B

to send the fax advertisements. *Id.*at ¶ 23. Moreover, the evidence indicated that B2B was acting with apparent authority under the TCPA as defined by the FCC. , and we upheld the trial court's decision to certify the class. *Id.* at ¶¶ 23, 32.

¶ 14 Following the issuance of this court's opinion in May 2015, the circuit court closed discovery, and the parties filed cross-motions for summary judgment.

¶ 15 In support of their motion for summary judgment, defendants attached another affidavit from Joseph (2017 affidavit). In the 2017 affidavit, Joseph restated his prior averments and further averred that C&T never delivered to anyone in Rolling Meadows because the further away the customer was from the restaurant, the more likely it was that the pizza would be cold by the time it was delivered. Additionally, Joseph averred that he was the individual who responded to B2B's fax solicitation which advertised its services, he helped B2B create the faxes that were sent out on behalf of the restaurant, the faxes were developed primarily to cater to existing customers of the restaurant, and he instructed B2B to only send the faxes to those businesses and individuals who resided within a two mile radius of the restaurant.

¶ 16 Plaintiff did not present a counter-affidavit in support of its motion for summary judgment.

¶ 17 On February 13, 2018, the circuit court granted defendants' motion for summary judgment, dismissing all counts of plaintiff's complaint.

¶ 18 In dismissing count I based upon the TCPA, the circuit court found that plaintiff's reliance on *CE Design I* as "the law of the case that B2B did not exceed its authority in sending facsimiles outside of the two-mile radius" was a misapplication of the law rendered in that interlocutory appeal. The circuit court reasoned that the law of the case doctrine applies if the facts in a particular case remain the same but, citing *Cruz v. Unilock Chicago, Inc.*, 383 Ill. App. 3d 752, 764 (2008), the court noted that while it may be necessary for a court to make certain findings pertaining to the

merits of the case in order to determine whether to certify the class, those determinations are not binding.

¶ 19     The circuit court further noted that appellate review of the certification of a class is limited to the narrow question of whether litigation should proceed as a class action-an issue distinct from resolving any claim on its merits, and that rulings on class certification accept the plaintiffs' allegations as true, and inferences therefrom are drawn in favor of class certification. However, the circuit court found that when the appellate court affirmed the class certification in *CE Design I*, its rulings in that opinion did not become the law of the case because that opinion "was not based on the fully developed record that is now before the Court."

¶ 20     The circuit court noted that subsequent to this court's interlocutory class certification in *CE Design I*, issued in May 2015, additional evidence was submitted, namely the 2017 affidavit. The circuit court further noted that Joseph's averment that he only wanted the faxes to be sent within two miles of the restaurant was a practical limitation in light of Joseph's further testimony that the large majority of their business was delivery and they limited their delivery business to Schaumburg and Hoffman Estates for various reasons, most notably that the pizza would usually get cold if it had to be delivered for long distances, and traffic in that area was frequently heavy.

¶ 21     The circuit court rejected plaintiff's argument that the 2017 affidavit was inconsistent with his prior deposition testimony and should have been stricken. The court found that the 2017 affidavit expanded and reaffirmed Joseph's prior deposition testimony, and further that, even if the 2017 affidavit was inconsistent because it included other aspects of his conversation with B2B that was not offered in his deposition, it was not contradictory on the seminal question of the geographic limitation.

¶ 22    The circuit court concluded that "[w]ith the benefit of Mr. Cianciolo's affidavit (which the Appellate Court did not have when it affirmed class certification), and with no contradictory evidence proffered by CE Design, there is no genuine issue of material fact as to whether B2B exceeded its authority when it sent fax advertisements beyond two miles from C&T's pizza delivery restaurant. As such, the faxes allegedly sent to CE Design were not 'on behalf of' C&T within the meaning of TCPA." The court then granted summary judgment in favor of defendants on count I.

¶ 23    As to counts II and III of plaintiff's complaint based upon conversion and the Consumer Fraud Act, the court granted summary judgment in favor of defendants because plaintiff did not produce any evidence that it suffered actual harm.  Plaintiff does not raise any issues regarding the dismissal of those counts in this appeal.

¶ 24    The summary judgment order also granted defendants' request for attorney fees and expenses incurred related to the deposition of non-party Caroline Abraham. On two separate occasions, defendant's counsel flew to New York to attend Abraham's deposition and the deposition did not proceed. In granting defendant's request for reasonable attorney's fees, the circuit court noted "[w]hile CE Design's counsel served notices of both of Ms. Abraham's scheduled depositions, he failed to cause a subpoena to issue for either of them." Plaintiff does not raise any issues regarding the circuit court's grant of  reasonable attorney fees and costs to defendants in this appeal.

¶ 25    On July 27, 2018, the circuit court entered the summary judgment order as final and appealable. On August 20, 2018, plaintiff filed its timely notice of appeal.

¶ 26                                        ANALYSIS

¶ 27 On appeal, plaintiff contends that the circuit court erred when it: (1) determined that this court's decision in *CE Design I* was not the law of the case and (2) granted summary judgment in favor of defendants and denied plaintiff's motion for summary judgment, finding that defendants did not authorize B2B to send faxes more than two miles away from the restaurant.

¶ 28                    A. Law-of-the-Case Doctrine

¶ 29 Plaintiff first contends that the circuit court erred when it determined that this court's decision in *CE Design I* was not the law of the case regarding whether B2B acted with defendants' authority in sending out the faxes. Plaintiff contends that that decision was the law of the case because the record has not changed since this court affirmed class certification in its May 2015 opinion. Plaintiff contends that the 2017 affidavit did not contain any new information regarding Joseph's instruction to B2B regarding the geographical area to cover with the faxes. Plaintiff argues that the circuit court incorrectly rejected this court's findings of fact set forth in the interlocutory appeal because they were made in the context of class certification. Though the interlocutory appeal was from a class certification order, plaintiff argues that the factual and legal question for review was the validity of plaintiff's claim in the face of defendants' argument that they did not authorize B2B to send faxes outside a strict two-mile radius from the restaurant.

¶ 30 In response, defendants contend that a ruling on class certification is not a ruling on the merits of the case and, in its class certification decision, the circuit court expressly noted that it was not making any determinations on the merits of the case and that any findings pertaining to the merits of the case in order to determine whether to certify the class, those determinations are not binding. Additionally, defendants argue that appellate courts are not fact finders and, thus, made no findings on the merits because it would have been improper to do so within the context of deciding class certification.

¶ 31    The law-of-the-case doctrine protects the parties' settled expectations, ensures uniformity of decisions, maintains consistency during the course of a single case, effectuates the proper administration of justice, and brings litigation to an end. *Radwill v. Manor Care of Westmont, IL, LLC*, 2013 IL App (2d) 120957, ¶ 7.

¶ 32    The law-of-the- case doctrine limits relitigation of a previously decided issue in the same case and applies not only to the court's explicit decisions, but also those issues decided by necessary implication. *Rommel v. Illinois State Toll Highway Authority*, 2013 IL App (2d) 120273, ¶ 15. The doctrine applies on questions of law on remand to the trial court, as well as on subsequent appeals to the appellate court. *Id.* There are two exceptions to the law-of-the-case doctrine: (1) when, after a reviewing court's original decision, a higher court makes a contrary ruling on the same issue; and (2) when a reviewing court finds that its prior decision was palpably erroneous. *Id.* at ¶ 17. Moreover, a ruling will not be binding in a subsequent stage of litigation when different issues are involved, different parties are involved, or the underlying facts have changed. *American Service Insurance Company v. China Ocean Shipping Co. (Americas) Inc.*, 2014 IL App (1st) 121895, ¶ 17. Application of the law-of-the-case doctrine is a question of law, and our review is *de novo*. *Rommel*, 2013 IL App (2d) 120273, ¶ 14.

¶ 33    Here, this court reviewed the circuit court's grant of class certification in *CE Design I*. Because that decision was a decision on the merits of the interlocutory order only, it was not a decision on the merits and did not have a preclusive effect on other issues that could be raised later on direct appeal. *Rosolowski v. Clark Refining and Marketing*, 383 Ill. App. 3d 420, 428 (2008). A ruling on class certification is not a ruling on the merits of the case. *Chultem v. Ticor Title*, 2015 IL App (1st) 140808, ¶¶ 47-50. Decisions on appeal related to class certification are typically not

decided on the merits but are limited in scope to whether class certification is appropriate. *Chultem*, 2015 IL App (1st) 140808, ¶¶ 47-50.

¶ 34    In *CE Design I*, as noted previously, this court only addressed the issue of whether the circuit court properly certified the class. At that time, we rejected defendants' arguments that plaintiff resided outside the geographical area which B2B was authorized to transmit the fax advertisements as it related to certification of the class. In doing so, we noted that there was nothing in the record to support this claim except Joseph's statement in his deposition.

¶ 35    After remand, the case continued in the trial court, including additional discovery. Both parties subsequently filed cross-motions for summary judgment. Joseph's 2017 affidavit was attached to defendants' motion and provided additional information regarding B2B's authority to send faxes beyond a two-mile radius away from the restaurant.

¶ 36    While defendants raised several issues in the interlocutory appeal, our final decision only affected the merits of the class certification and not the ultimate issue in controversy, namely whether defendants authorized B2B to send faxes outside of a two-mile radius of the restaurant and violated the TCPA. Plaintiff's contention is unreasonable and a misapplication of the law pertaining to interlocutory appeals and the law-of-the-case doctrine. We find that the circuit court properly concluded that our decision in *CE Design I* was not the law of the case with regards to the merits of the underlying controversy.

¶ 37                                B. Summary Judgment

¶ 38    While defendants raised several issues in the interlocutory appeal, our final decision only affected the merits of the class certification and not the ultimate issue in controversy, namely whether defendants authorized B2B to send faxes outside of a two-mile radius of the restaurant and violated the TCPA. Plaintiff's contention is unreasonable and a misapplication of the law

pertaining to interlocutory appeals and the law-of-the-case doctrine. We find that the circuit court properly concluded that our decision in *CE Design I* was not the law of the case with regards to the merits of the underlying controversy.

¶ 39                                    B. Summary Judgment

¶ 40    Plaintiff next contends that the circuit court erred when it granted defendants' motion for summary judgment and denied its summary judgment motion, finding that defendants did not authorize B2B to send faxes more than two miles away from defendant's restaurant under the TCPA.

¶ 41    Summary judgment is appropriate " 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Irwin Industrial Tool Co. v. Department of Revenue*, 238 Ill. 2d 332, 339–40 (2010); 735 ILCS 5/2–1005(c) (West 2018). The purpose of summary judgment is to determine whether there are triable issues of fact. *Hartz Construction Co. v. Village of Western Springs*, 2012 IL App (1st) 103108, ¶ 23. We review the circuit court's decision to grant summary judgment *de novo*. *Loncarevic & Associates, Inc. v. Stanley Foam Corp.*, 2017 IL App (1st) 150690, ¶¶ 23-24; *Evans v. Brown*, 399 Ill. App. 3d 238, 244 (2010).

¶ 42    In reviewing a circuit court's ruling on a motion for summary judgment, the appellate court examines the record anew to determine whether a material question of fact exists. *CE Design, Ltd. v. Speedway Crane, LLC*, 2015 IL App (1st) 132572, ¶¶ 20; *Coole v. Central Area Recycling,* 384 Ill. App. 3d 390, 396 (2008).

¶ 43    The TCPA provides in relevant part: "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States * * * to

use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C) (2006). The plain language of the TCPA assigns direct liability to "any person" who sends an unsolicited fax advertisement. *Id.*; *Uesco Indus., Inc. v. Poolman of Wisconsin, Inc.*, 2013 IL App (1st) 112566, ¶¶ 54-55.

¶ 44    Although the Act does not explicitly assign vicarious liability, the United States Supreme Court has held that, "when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Meyer v. Holley,* 537 U.S. 280, 285 (2003); *Uesco Indus.*, 2013 IL App (1st) 112566, ¶¶ 54-55. Section 217 of the TCPA, entitled, "Agents' acts and omissions; liability of carrier," codifies the common law *respondeat superior* doctrine states in pertinent part: "In construing and enforcing the provisions of *this chapter,* the act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as that of the person." 47 U.S.C. § 217 (2006) (emphasis added); *Uesco Indus.*, 2013 IL App (1st) 112566, ¶ 54.

¶ 45    "There is nothing in the plain language of the Act nor its legislative history suggesting Congress intended to impose liability on a party that did not send an unsolicited fax or authorize a third party to send an unsolicited fax on its behalf." *Uesco Indus., Inc.*, 2013 IL App (1st) 112566, ¶ 55. The FCC implemented this prohibition by promulgating 47 C.F.R. § 64.1200(a)(3), which defines a "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." *Id.* Thus, the FCC has also ruled that the Act incorporates vicarious liability. *Id.*

¶ 46    In this case, it is undisputed that plaintiff received two faxes from B2B advertising the pizza restaurant. It is also undisputed that defendants authorized B2B to send faxes on its behalf. The parties dispute, however, whether B2B had authority to send the faxes on defendants' behalf outside of a two-mile radius, thereby imputing vicarious liability to defendant. More specifically, the parties dispute whether B2B had the authority to send the two faxes to plaintiff, who was located more than seven miles away from the restaurant.

¶ 47    We note that the 2017 affidavit attached to defendants' motion for summary judgment was uncontested as plaintiff failed to file a counter-affidavit. "[F]acts contained in an affidavit in support of a motion for summary judgment which are not contradicted by counteraffidavit are admitted and must be taken as true for purposes of the motion." *Purtill v. Hess*, 111 Ill. 2d 229, 241 (1986). "If a party moving for summary judgment supplies facts which, if not contradicted, would entitle such party to a judgment as a matter of law, the opposing party cannot rely on his pleadings alone to raise issues of material fact. *Id*. at 240–41.

¶ 48    Here, Joseph's 2017 affidavit averred that he did not authorize B2B to send faxes outside of a two-mile radius. Taking this allegation as true, we find that B2B did not have the authority to send the faxes to plaintiff on defendants' behalf.  Because plaintiff failed to file a counter-affidavit, there was no issue of genuine material fact as to whether Joseph authorized B2B to send the faxes beyond two miles.  Thus, defendants did not violate the TCPA and the trial court properly granted summary judgment in their favor.

¶ 49                                        CONCLUSION

¶ 50    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 51    Affirmed.